OPINION OF THE COURT
Ira Gammerman, J.
Defendant moves and plaintiff cross-moves for summary judgment in this action to recover fees for performing laboratory tests for defendant’s patients.
The facts are undisputed. Defendant operates a methadone maintenance center pursuant to article 33 of the Public Health Law. In order to verify that his patients have not used prohibited drugs, Dr. Mora takes various blood and urine samples, which he sends to the plaintiff laboratory to be tested. Such testing of blood and urine samples is required by applicable State and Federal regulations. The question is, who gets billed for such testing, the doctor or the patient? A problem arises because of two apparently conflicting public policies embodied in Federal and State statutes and regulations.
On the one hand, defendant points to section 394-e of the General Business Law which provides as follows:
*280 “§ 394-e. Payment for services rendered by clinical laboratories.
“1. It shall be unlawful for any purveyor of clinical laboratory services, directly or indirectly * * * to bill or receive payment, reimbursement, compensation or fee from any person other than the recipient of the services, such recipient being the person upon whom the clinical services have been or will be rendered.
“2. The provisions of subdivision one of this section shall be inapplicable to payment by:
(a) A legal relative of the recipient of the services;
(b) An insurance carrier designated by the recipient of the services;
(c) A hospital on behalf of an in-patient or out-patient of such hospital having been the recipient of the services;
(d) One purveyor to another purveyor for actual services rendered;
(e) An industrial firm only for its own employees;
(f) A trade union health facility only for its registered patients;
(g) Governmental agencies and/or their specified public or private agent, agency or organization on behalf of the recipient of the services.”
The legislative history of the bill (L 1970, ch 971, § 1) makes clear that, in providing for the direct billing by the providers of laboratory services to the recipient of the services (i.e., the patient), the Legislature sought to prevent the abuse of fee-splitting by physicians with clinical laboratories or the circumvention of the statutory prohibition against such fee-splitting (see Education Law, § 6514) by such subterfuges as having a clinical laboratory offer a physician unlimited laboratory services for a flat rate, while the physician could charge his patients any amount at all. The purpose of the law was the protection of the consumer public.
On the other hand, plaintiff notes that by statute the identity of drug abuse patients is made confidential. Section 3371 of the Public Health Law provides, in pertinent part, as follows:
*281 “§ 3371. Confidentiality of certain records, reports, and information.
“1. No person, who has knowledge by virtue of his office of the identity of a particular patient * * * shall disclose such knowledge, or any report or record thereof”.
Federal statutory law and regulations similarly mandate confidentiality. Section 1175 of title 21 of the United States Code provides as follows:
“§ 1175. Confidentiality of patient records — Disclosure authorization.
“(a) Records of the identity, diagnosis, prognosis, or treatment of any patient which are maintained in connection with the performance of any drug abuse prevention function conducted, regulated or directly or indirectly assisted by any department or agency of the United States shall * * * be confidential”.
In the case at bar, there are no factual issues. Summary judgment is, therefore, appropriate. As a matter of law, section 394-e of the General Business Law bars plaintiff from billing or receiving payment from defendant. Although the court sympathizes with plaintiff’s plight for relief plaintiff must turn to the Legislature and/or regulatory and administrative agencies, not the judiciary.
Accordingly, defendant’s motion for summary judgment dismissing the complaint is granted and plaintiff’s cross motion for summary judgment is denied.